Woollen v. Wire, Administrator.

Filed April 1, 1887.

———————◆———————

No. 10,783.

WOOLLEN *v.* WIRE, ADMINISTRATOR.

110  251
146  321
147  174
110  251
150  162

JURY.— *Voir Dire.—Opinion of Juror Upon Assumed Facts of Case.— Practice.* —A party can not assume the facts of a case on trial and ask a juror, on his *voir dire,* for whom, on the facts assumed, he would find.

EVIDENCE.—*Promissory Note.—Execution of.— Exclusion from Evidence Until Execution is Proved.—Practice.*—Where the execution of a note sued on

is denied under oath, the court may in its discretion exclude it from the jury until evidence of its execution has been first given.

SAME.—*Testimony on Former Trial.*—It is not error to refuse to admit in evidence a report purporting to contain the testimony of a witness on a former trial, it not appearing that such testimony was in fact given at that trial.

INSTRUCTIONS TO JURY.—*Special Verdict.*—*Practice.*—Where a special verdict is demanded, instructions beyond those respecting such a verdict and the usual rules concerning the credibility of witnesses, are not necessary, and if unnecessary instructions are given, available error can not be predicated upon them.

From the Wabash Circuit Court.

*W. H. Trammel, T. L. Lucas, A. Taylor* and *W. W. Woollen,* for appellant.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman, W. A. Branyan, J. B. Kenner* and *J. I. Dill,* for appellee.

ELLIOTT, C. J.—The appellant asked leave to propound to a juror, on his *voir dire,* the following question : " In a case where the plaintiff is an attorney at law, and a young man, and the defendant a farmer, and an old man, upon a note payable in bank, assigned before maturity, without notice of any defence, and where the evidence shows that the note was executed by the defendant in the belief that he was only executing an agency agreement, and for which he received no consideration, for whom would you find, the plaintiff or the defendant ? "

There was no error in refusing to permit this question to be asked. A party has no right to assume the facts of a case on trial, and. ascertain a juror's opinion in advance. The position assumed by the appellant is utterly untenable.

There was no error in refusing to permit the appellant to read in evidence the note described in the complaint, for, as its execution was denied under oath, it was proper to exclude it from the jury until some evidence of its execution had been given. It is true that courts ordinarily allow parties to introduce their evidence in the order they desire, but this is a matter of favor, and not of right, for the court may, in its

discretion, require evidence of the execution of an instrument before admitting it, although counsel may promise to offer such evidence at a later period in the case.

We think the case of *Woollen* v. *Whitacre*, 91 Ind. 502, must be regarded as deciding the question as to the right of the appellant to introduce the report of the evidence given by Peter Wire, in favor of the appellee, on a former trial. We have examined the record in that case, and find no substantial difference between the statements of the bill of exceptions filed in that case and the one filed in this. The infirmity in the appellant's case is, that the statement is that he offered to prove that the instrument offered in evidence purports to contain the testimony on the former trial, instead of showing that it was the testimony then given.

Where, as here, a special verdict is demanded, the court must pronounce judgment upon the facts found, and general instructions as to the law of the case are unnecessary. It is proper in such a case to instruct the jury as to their duty respecting a special verdict, and as to the usual rules concerning the credibility of witnesses, but general rules of law should not be stated in the instructions. *Louisville, etc., R. W. Co.* v. *Frawley, ante,* p. 18.

Where there is a special verdict finding the facts, an error in stating general rules of law, or in the method of giving the instructions, will not entitle the appellant to a reversal if the law is correctly applied to the facts.

We can not reverse upon the evidence, as there is evidence sustaining the verdict.

Judgment affirmed.

Filed March 31, 1887.