Howe *et al. v.* Fleming *et al.*

Filed April 10, 1890.

---

No. 13,497.

## Howe et al. *v.* Fleming et al.

Res Adjudicata.—*Matters Determined on Former Appeals.*—Matters determined on former appeals are *res adjudicata.* The judgment is conclusive upon the question throughout all subsequent stages of the case.

Evidence.—*Lost Public Record.*—*When Contents May be Shown by Parol.*— To entitle a party to give parol evidence of the contents of a paper alleged to be lost, he must show that a diligent and careful search was made at the proper place and by the proper persons, and that it could not be found. Where a paper which the law requires to be filed and kept by a public officer as part of the records or papers of his office, is alleged to be lost, the court has a right to require before receiving parol evidence of its contents that careful and diligent search was made in

the office, and by one so fully acquainted with the office, records and papers as to make it probable that if the paper was in the office he would find it.

From the Monroe Circuit Court.

*W. P. Rogers, J. E. Henley* and *J. H. Louden,* for appellants.

*J. R. East, W. H. East* and *S. E. Carmichael,* for appellees.

ELLIOTT, J.—This case has been in this court twice before. *Fleming* v. *Hight,* 95 Ind. 78; *Fleming* v. *Hight,* 101 Ind. 466. The questions there settled can not be again considered. Under the long established and familiar rule, the matters determined on the former appeals are *res adjudicata.* There is not simply a decision to be regarded as a precedent, but a judgment conclusive upon the questions throughout all subsequent stages of the case.

To entitle a party to give parol evidence of the contents of a paper alleged to be lost, it is incumbent upon him to show that a diligent and careful search was made at the proper places and by the proper persons, and that it could not be found. It is not enough to give some evidence of its loss, but he must give such evidence as will satisfy the court that the proper foundation for the admission of secondary evidence has been laid. Where a paper which the law requires to be filed and kept by a public officer as part of the records or papers of his office, is alleged to be lost, the court has a right to require, before receiving parol evidence of its contents, that careful and diligent search was made in the office, and by one so fully acquainted with the office, records and papers, as to make it probable that if the paper was in the office he would find it. We do not think the trial court abused its discretion in this instance in rejecting parol evidence of the contents of the petition filed by the appellants.

The court did not err in instructing the jury that there was no evidence which would entitle the appellants to re-

cover. There was no evidence of a petition, and without this evidence there was no jurisdiction. We do not place our decision upon the question of the sufficiency of a petition which it was attempted to prove by parol, but upon the ground that there was an entire failure of proof as to a jurisdictional fact. We do not enter upon the general subject as to what questions may be made on appeal in highway cases, for we are bound by the decisions in the former appeals in this case, and under these decisions the trial court ruled correctly in instructing the jury. In thus yielding to the former decisions we do not approve them as precedents, nor do we disapprove them, we simply yield to them as former judgments, and decline to enter upon a discussion of the general question.

Judgment affirmed.

Filed April 10, 1890.