Filed March 24, 1896.

---

No. 1,740.

## THE UNION CENTRAL LIFE INSURANCE COMPANY *v.* HOLLOWELL, ADMINISTRATOR.

INSURANCE.— *Life.*— *Avoidance of Policy.* — *Suicide.* — No action can be sustained on an insurance policy providing that self-destruction by the insured, whether sane or insane, within three years, will avoid the policy, where the insured within such time commits suicide by taking poison,

whether the act is deliberately done with such intent or otherwise.

SAME.—*Demand on Policy.*—*Denial of Liability.*—No demand on an insurance policy is necessary before bringing suit, where the company denies liability on the policy.

SAME.—*Life.*—*Suicide by Poison.*—*Denial of Motion to Have Body Exhumed.*—A motion for the exhumation of the body of an insured who is alleged to have committed suicide by taking poison, by which the policy would have been avoided, is properly refused, when made more than nine months after his death, and nearly four months after the commencement of the action and only two days before the beginning of the trial, and no effort for an autopsy was made before burial, although the company denied liability at that time on the ground of suicide, and no reason for the delay in making the application is shown. (See note at end of opinion.)

EVIDENCE.—*Life Insurance.*—*Suicide.*—*Ex Parte Evidence Taken Before the Coroner.*—*Ex parte* testimony taken before the coroner over the body of an insured, alleged to have committed suicide, is inadmissible as affirmative evidence in support of the defense of suicide in an action on the policy, where the coroner and all the witnesses examined by him have been produced.

SAME.—*Insurance.*—*Suicide.*—*Letter of Company Denying Liability.* —A letter written by the agent of an insurance company denying liability on an insurance policy, on the ground that the insured had committed suicide, in response to a postal card from the administrator of the insured announcing his death, is admissible for plaintiff.

SAME.—*Insurance.*—*Payment of Premium.*—*Prima Facie Evidence.*— A receipt for the first premium on an insurance policy, signed in the name of the general agent and delivered to the insured, and a denial by the company of liability on the policy on the sole ground that the insured committed suicide, constitute *prima facie* evidence of the payment of such premium.

INSTRUCTIONS TO JURY.—*Erroneous.*—*When not Cured.*—An erroneous instruction is not cured by a correct instruction on the same matter which is contradictory of the former instruction.

From the Putnam Circuit Court.

*Ramsey, Maxwell & Ramsey, F. D. Ader* and *Holstein & Barrett,* for appellant.

*Brill & Harvey, Lewis & Corwin,* and *Cofer & Hadley,* for appellee.

DAVIS, J.—This was an action commenced by appel-

lee against the appellant in the Hendricks Circuit Court on a policy of insurance issued by appellant bearing date December 6, 1893, upon the life of John C. Koehler. It is averred that the assured died intestate on February 28, 1894, and that appellant was notified of his death and denied liability on the policy.    The venue of the cause was changed to the circuit court of Putnam county, where a trial was had before a jury and a verdict returned in favor of appellee, and judgment rendered on the verdict.

One of the conditions of the policy is as follows: "Self-destruction by the insured, whether sane or insane, within three years from the date hereof will avoid this policy."    The substance of the second paragraph of the answer was that said John C. Koehler came to his death by his own hand by poison which he administered to himself with the intent and purpose of causing death, and from which poison he died, and therefore said policy was and is void.    The court instructed the jury that if Koehler died from arsenic poison, such fact would not be sufficient to defeat the policy "unless you also find from all the evidence in this case by a fair preponderance that said poison was deliberately and willfully taken by said Koehler with the intent to commit suicide."

It is not incumbent on the appellant to prove that the act of self-destruction was with careful consideration. If the poison was hastily taken by him with the intent to commit suicide, the condition of the policy was broken.    The provision in the policy is that self-destruction whether sane or insane, will void the policy.    All that appellant was required to prove on this question was that said poison was taken by said Koehler with intent to commit suicide.    If it was taken hastily or deliberately with such intent, whether sane or insane, there could be no recovery on the policy.    The conscious and

voluntary act on the part of the assured in taking the poison with intent to take his own life, which resulted in death, was sufficient to defeat the claim of insurance, whether such act was committed deliberately or not.

Counsel for the appellee insist that the error in this instruction was cured by other instructions given by the court, in which the court said that if the jury should find that the deceased came to his death by poison taken with intent to commit suicide, then they must find for the defendant.

The erroneous instruction was not cured by the subsequent giving of the correct instructions. *McCrory v. Anderson*, 103 Ind. 12, 16.

The instructions were contradictory and calculated to confuse and mislead the jury. *Summerlot* v. *Hamilton*, 121 Ind. 87.

The instructions must have left the jury in doubt and uncertainty as to what the law applicable to the case was. *State, ex rel.,* v. *Sutton*, 99 Ind. 300, 307. On account of the error in giving this instruction the judgment of the trial court will have to be reversed.

In view of the fact that the complaint shows that the appellant on notice of the death of the assured denied liability on the policy, no demand was necessary before suit was brought. The complaint as to this question is therefore sufficient.

There was no error in the refusal of the trial court to order the body of deceased to be exhumed, so that an analysis of the contents of the stomach and liver could be had. He died on the 27th of February, and was buried on the 1st of March, 1894. The company was notified of his death on the day he died, and wrote said Hollowell on the day the deceased was buried, the same being the day upon which he was appointed administra-. tor, that there was no liability on the policy, because of

the suicide of the assured.    The complaint was filed on the 17th day of August, 1894, and on the 14th of December, 1894, and only two days before the beginning of the trial, the application above mentioned was made.    No effort was made for an autopsy while the body was in the hands of the coroner and no reason is shown for the delay in making the application.    No reason has been assigned that would justify the reversal of the judgment of the trial court on account of this ruling.

There was no error in refusing to allow appellant on the trial to read in evidence a certified copy of the inquest of the coroner.    The taking of testimony before the coroner was *ex parte* and his finding was not admissible as affirmative evidence in support of appellant's defense.    No reason for the admission of the finding of the coroner and the testimony on which his conclusion was based was shown, unless it was to place before the jury the opinion of the witnesses and the coroner as to the cause of the death of the decedent. The coroner and all the witnesses examined by him, except three, were present at the trial, and there is no showing that the evidence of those who were absent could not have been obtained.    Assuming that the question is properly presented by the record, there was no error in admitting in evidence the letter written by J. S. Lambert.

The insured, John Koehler, died on the 24th of February, 1894.    On the same day a postal card was mailed to the appellant, as follows :

"DANVILLE, IND., February 27, 1894.
"The Union Central Life Ins. Co.,
Cincinnati, O.
"GENTLEMEN :    John Koehler, who carried a policy

with you for $1,000.00, died at this place at five o'clock
P. M. this afternoon.      Yours truly,

R. T. HOLLOWELL, Att'y."

Over the objection of the appellant, the court admitted in evidence a letter, which Hollowell says he received on the afternoon of March 1st, in the words and figures following, to-wit:

"————————, General Agt.

Agency of

"UNION CENTRAL LIFE INSURANCE COMPANY
of Cincinnati.

INDIANAPOLIS, IND., March 1, 1894.

"R. T. Hollowell, Esq.,

Attorney at Law.

"DEAR SIR : Policy 111,873, on the life of John Koehler, by its terms, is void.   A case of deliberate suicide.      Yours truly,

J. S. LAMBERT."

There is no provision in the policy that a demand, notice or proof of death shall be made to or on the company, but the policy by its terms became due and payable upon the death of the assured or the maturing of the policy.   Moreover, there is some evidence in the record fairly tending to prove that Lambert was the general agent of appellant and that the letter was received by Hollowell after his appointment as administrator in response to the card written by him to the company.   It was conceded throughout all stages of the litigation, and is now, that appellant was and is denying liability on the policy.

In view of the evidence on this point there was no error in refusing to give the first, second, twelfth and thirteenth instructions asked by the appellant.   If a demand before suit was otherwise necessary, the denial

of liability by the company rendered such demand useless. The complaint and first paragraph of the answer put in issue the question as to the payment of the first premium. The policy contains the following provisions :

"This policy shall not be valid or binding until the first premium is paid to the company or its authorized agent, and the receipt hereto attached countersigned by the company's agent and delivered during the lifetime of the insured. The contract of the insurance between the parties hereto is completely set forth in this policy, and the application for the same, and none of its terms can be modified, nor any forfeiture under it waived, save by an agreement in writing, signed by the president, vice-president, or secretary of the company, whose authority for this purpose shall not be delegated."

The receipt attached to the policy contains the following clause :

"This receipt is not valid unless paid, also countersigned and dated the day of payment by J. S. Lambert, agent."

The receipt purports to be signed by "J. S. Lambert, agent, per G. W. Peyton," on the 6th day of December, 1893. On the application Peyton is designated as the agent and Lambert as the general agent of appellant. The evidence discloses that Peyton was the soliciting agent who took the application. The receipt for the first premium was attached to the policy when delivered to the decedent. The receipt signed in the name of the general agent and delivered to the assured in connection with the fact that after the death of the assured the denial of liability was based solely on the ground that the assured had intentionally taken his own life, was at least *prima facie* evidence of payment. There was no evidence introduced, so far as our attention has been called thereto, denying the agency or authority of either

Lambert or Peyton. Neither was the payment of the first premium mentioned in the receipt controverted by the appellant. The other questions discussed may not arise on another trial, and, therefore, it is not necessary to determine them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed March 24, 1896.

NOTE.—The power of a coroner to order a post-mortem examination of a corpse is the subject of a note to *Young* v. *College of Physicians* (Md.), 31 L. R. A. 540.