## Barton *v.* The State.

[No. 19,236. Filed May 29, 1900.]

APPEAL AND ERROR.—*Record.—Instructions.—Criminal Law.*—Available error cannot be predicated upon the action of the court in refusing offered instructions in the trial of a criminal cause, where the record does not affirmatively show that it contains all of the instructions given. *p. 671.*

EVIDENCE.—*Criminal Law.*—Evidence of defendant's failure to appear to the indictment according to the conditions of his recognizance, the forfeiture of his bail, his flight and re-arrest afforded some basis from which guilt might be inferred. *p. 671.*

SAME.—*Impeachment.*—An immaterial matter cannot be made the basis for an impeaching question. *p. 672.*

From the Wells Circuit Court. *Affirmed.*

*A. N. Martin* and *W. H. Eichhorn,* for appellant.

*W. L. Taylor,* Attorney-General, *A. M. Waltz, F. C. Dailey, Merrill Moores* and *C. C. Hadley,* for State.

DOWLING, J.—Appellant was charged upon affidavit and information with an assault and battery with intent to commit a rape.

Plea of not guilty; trial by jury; verdict of guilty; motion for new trial overruled; and judgment on verdict.

The error assigned on this appeal is the overruling of the motion for a new trial. Thirteen reasons were stated, but only the *fifth, sixth, seventh, eighth, ninth, tenth,* and *twelfth* are discussed in the brief for appellant. Under the rule of this court the points not discussed must be regarded as waived. *Smith* v. *State*, 140 Ind. 343.

The *fifth*, *sixth* and *seventh* reasons for a new trial relate to supposed errors of the court in giving, modifying, and refusing to give instructions. The condition of the record is such, however, that we cannot review the action of the trial court in respect to these rulings. While certain instructions are properly set out in the bill of exceptions, it does not appear that these were the *only* instructions given.

The rule governing this court in criminal cases is that, unless the bill of exceptions affirmatively shows that it contains all the instructions given by the court, it will be presumed that other instructions were given which contained the substance of all instructions properly asked for, and withdrawing, or correcting, all erroneous instructions which appear to have been given. *State* v. *Winstandley*, 151 Ind. 495, and cases cited.

The *eighth* reason assigned for a new trial was the admission in evidence of an entry in the order-book of the court showing the failure of the appellant to appear to the indictment according to the condition of his recognizance, and the forfeiture of his bail. This evidence was introduced in connection with certain oral proof of the flight of the defendant, and his subsequent re-arrest. It was competent, and, unexplained, in connection with other circumstances, afforded some basis from which guilt might be inferred. *Hittner* v. *State*, 19 Ind. 48; Wharton's Crim. Ev., §750, note 9, and authorities cited.

The *ninth* reason for a new trial was in these words: "Because the court erred on the trial in permitting the plaintiff to prove by the witness, Samuel Valentine, the latter's declaration to Ed. Zoll, of the situation of Julia Zoll, the prosecuting witness." The statement of this reason is so vague and ambiguous that the court might well have disregarded it on that account. An examination of the record, however, discloses that no declaration whatever was made by the witness to Edward Zoll, in regard to the situation of Julia Zoll. All that appears is that, in answer to a question, the

witness stated that he went to the residence of Julia Zoll's parents, and had a conversation with Edward Zoll, but nothing said in that conversation was repeated.

The *tenth* reason for a new trial is not set out in the record.

The *eleventh* alleges error in the action of the court in permitting a witness, Addie Acton, to testify to a statement made by her to Edward Zoll and his wife, the parents of the prosecuting witness, as to the whereabouts of the latter shortly after the felonious assault upon her. The bill of exceptions shows that no such statement was made.

The *twelfth,* and last point presented, is that the court erred in refusing to permit the appellant to prove by one John Horner, a witness for the appellant, that the prosecuting witness had promised to go buggy riding with him, Horner, on the evening the criminal assault · and battery occurred.

Whether considered as original proof, or as impeaching testimony, the proffered evidence was wholly immaterial. The court had permitted counsel for appellant to ask the prosecuting witness whether she had made such an engagement, and she answered that she had not. The fact proposed to be proved, and upon which the prosecuting witness was expected to be contradicted, being an immaterial one, was, therefore, not a sufficient basis for the introduction of impeaching testimony. *Blough* v. *Parry,* 144 Ind. 463; *Paxton* v. *Dye,* 26 Ind. 393; *Brown* v. *Owen,* 94 Ind. 31; *Carpenter* v. *Lingenfelter,* 42 Neb. 728, 60 N. W. 1022, 32 L. R. A. 422.

Judgment affirmed.