## CHAMBERS v. MODERN WOODMEN OF AMERICA.

1. The verdict of a coroner's jury that one whose life was insured committed suicide is not admissible as evidence against the beneficiary in an action on the benefit certificate on the issue of suicide.

2. A copy of a letter purporting to have been written by assured to his wife, the beneficiary in the benefit certificate, is inadmissible in an action on the certificate on the issue of assured's suicide.

3. In an action on a benefit certificate, in which suicide of the assured is set up as a defense, defendant has the burden of proof of suicide.

4. The refusal to grant a continuance on the mere showing that counsel who was expected to assist other counsel in the trial was unable to be present is not an abuse of the court's discretion.

5. An application for a continuance is addressed to the discretion of the court, and in the absence of a manifest abuse of that discretion the judgment will not be reversed because of the refusal thereof.

6. To entitle a party to a continuance on the ground of the absence of a witness, he must show that the evidence of the witness is material, and that due diligence has been exercised to procure his attendance, and must give a reasonable assurance that his attendance can be procured for the future trial.

(Opinion filed June 11, 1904.)

Appeal from circuit court, Fall River county; Hon. LEVI McGEE, Judge.

Action by Earle A. Chambers, as trustee, against the Modern Woodmen of America. From a judgment for plaintiff, defendant appeals. Affirmed

*Benjamin D. Smith, G. M. Cleveland,* and *Elmer R. Juckett,* for appellant.

The proofs of death furnished to the defendant were competent evidence and the defendant had a right to use them in evidence in the case, and it was error to reject any part of said proofs, and especially the certified copy of the verdict of the coroner's jury attached thereto, and the copy of the letter found on the person of the deceased immediately after his death. Modern Woodmen of America v. VanWald, 49 Pacific 782; Insurance Co. v. Rodel, 95 United States 232, Edgerly v. Ins. Co., 43 Ia. 587; Ins. Co. v. Newton, 22 Wall. 32.

The proofs of death containing the verdict of the coroner's jury, where the defense is suicide, established a prima facie case

of suicide, and were admissible as tending to prove the fact of suicide. They operate as admissions against interest, and while not conclusive, were competent prima facie evidence against the beneficiaries. Hart v. Trustees of Supreme Lodge of Fraternal Alliance, 84 N. W. 851; Voelkel v. Maccabees of the World, 92 N. W. 1104; Agin v. Insurance Co., 88 N. W. 1020.

*Kellar & Kellar* and *Chambers Kellar*, for respondent.

The verdict of a coroner's jury that one whose life was insured committed suicide and a copy of a letter purporting to have been written by assured to his wife, the beneficiary, are not admissible in an action on the certificate on the issue of assured's suicide. Cox v. Royal Tribe of Joseph, 71 Pac. 73; Home Benefit Ass'n v. Sargent, 142 U. S. 691 S. C. 12 Sup. Ct. Rep. 332; Hart v. Trustees of Supreme Lodge of Fraternal Alliance, 84 N. W. 851.

CORSON, P. J. This is an action upon a benefit certificate issued by the defendant insuring the life of one Orie Leon Chambers, bearing date the 9th day of October, 1899, for the sum of $2,000, and made payable to his wife, Jessie L. Chambers, and which was assigned by her to the plaintiff, in trust for two minor children of the said Jessie L. Chambers and the deceased, Orie L. Chambers. Verdict and judgment were in favor of the plaintiff, and the defendant has appealed.

The defendant, in its answer to the complaint, avers that the said Orie L. Chambers, within three years after he became a member of the defendant society and received his benefit certificate, committed suicide, and that by the terms of the said certificate the beneficiary was not entitled to recover in this

action.   On the trial, the defendant, in support  of its answer, offered in evidence what purported to be a certified copy of the verdict of the coroner's jury given on an inquest held in the state of Wyoming, in which the said jury found that the said Chambers came to his death on the 8th day of April, 1901, by a gunshot wound inflicted by himself with suicidal intent.   This verdict was objected to by counsel for the plaintiff on the ground that it was incompetent, and not properly certified, and was excluded by the court, and the ruling of the court in thus excluding it presents the principal question to be considered on this appeal.   A copy of the verdict of the coroner's jury constituted a part of the proofs of death as forwarded to the defendant and signed by Mrs. Jessie L. Chambers, the beneficiary named in the benefit certificate, but which proofs of death were in fact made out and forwarded by Mr. James W. Joyce, a member of the society of Modern Woodmen of America, at Hot Springs, S. D., and clerk thereof, of which society the said Chambers was a member.   It was shown that Mrs. Jessie L. Chambers had no knowledge of the fact that this copy of the verdict of the coroner's jury was included in the proofs of death, and it did not affirmatively appear that the by-laws of the company or the benefit certificate required the beneficiary to furnish proofs of the inquest in case of death as a part of the proofs of death.   The proofs of death were not offered in evidence by the plaintiff for the reason that the allegations in the complaint in relation thereto were admitted by the defendant in its answer.

At common law the verdict of the coroner's jury was admissible on the ground that the proceedings of the coroner's inquest were judicial in their nature, and the courts of some

states have followed the common-law rule, and admitted such proof as competent evidence of the cause of death. The leading case holding this doctrine is Insurance Co. v. Vocke, 129 Ill. 557, 22 N. E. 467, 6 L. R. A. 65. But the courts of several states in later decisions have not approved the law as laid down in that case. In the quite recent case of Wasey v. Travelers' Ins. Co , 126 Mich. 119, 85 N. W. 459, the Supreme Court of Michigan held that a verdict of the coroner's jury that one whose life was insured committed suicide is not admissible as original evidence against the beneficiary to prove such fact. And the court, in its opinion, says: "The next question presented is whether a verdict of a coroner's jury was admissible as original evidence of the fact that Mr. Wasey committed suicide. This question has never before been presented to this court in the form in which it arises on this record, and is an important one. There are authorities sustaining the admissibility of such records at the common law." And that learned court, after discussing the question at some length, says: "Why, then, should a stranger to the proceeding be bound by the verdict? Why should it be evidence against a stranger of the cause of his death? We cannot see any well grounded reason why such a verdict be either conclusive or evidence against a stranger to the proceeding. The case of Insurance Co. v. Vocke, 129 Ill. 557, 22 N. E. 467, 6 L. R. A. 65, sustains the contention of the appellant, but we do not approve of the reasoning of the court nor the conclusion reached. Insurance Co. v. Schmidt, 6 Ohio Dec. 901; Id., 40 Ohio St. 112." The Supreme Court of Oregon, in Cox v. Royal Tribe of Joseph, 42 Or. 365, 71 Pac 73, 60 L. R. A. 620, the Supreme Court of Colorado in Germania Life Insurance Co. v. Ross-Lewin, 24

Colo. 43, 51 Pac. 488, and the appellate court of Indiana in Central Life Insurance Co. v. Hollowell, 14 Ind. App. 611, 43 N. E. 277, have arrived at the same conclusion, and held that under our system coroner's inquisition proceedings are not judicial in their nature, and the verdict of the coroner's jury is not admissible.   The views expressed by these courts meets with our approval, and, in our opinion, the trial court in the case at bar ruled correctly in excluding the evidence offered.

As was said in substance by the Supreme Court of Michigan, we are unable to see upon what theory the rights of litigants can be concluded by the ex parte and summary proceedings of the coroner had under our Code, the principal object of which seems to be to authorize the arrest of a person found by the coroner's jury to be guilty of committing homicide, and which will constitute a justification to the officers in making such arrest.   The beneficiary in the benefit certificate had no authority to appear in said proceedings, cross-examine witnesses or introduce witnesses before the coroner's jury.     It would be manifestly unjust, therefore, to hold that she was concluded by such verdict, or that it constituted competent evidence as against her or her assignee

The defendant also offered in evidence a letter purporting to have been signed by the deceased, addressed to his wife, found among the proofs of death.   The letter was objected to, and excluded by the court, and we think rightly.   The original letter was not offered, and the purported copy was not admissible as a record in the case or as evidence given on the coroner's inquest.   Even in those states where the verdict of a coroner's jury is held admissible as evidence between strangers, the evidence taken at the coroner's inquest seems to be

generally excluded.   Hence it not being a record, and not being admissible as evidence in the case, it was properly excluded by the trial court.   United States Insurance Company v. Vocke, supra; Pittsburg R. R. Co. v. McGrath, 3 N. E. 439; Union Cent. L. Ins. Co. v. Hollowell, supra; Insurance Co. v. Schmidt, 40 Ohio St. 112.   In view of the fact that we hold the verdict of the jury inadmissible, assuming it to have been properly authenticated, we do not deem it necessary at this time to express any opinion upon the question of whether or not the purported record was properly authenticated.

It is also contended by the appellant that the court erred in its instruction to the jury in that it instructed them, in effect, that the burden of proof was upon the defendant to prove that the deceased came to his death by committing suicide.   The instruction, in our opinion, is correct, and the burden of proof was clearly upon the defendant, it having alleged that the deceased came to his death by committing suicide, to prove that such was the fact to the satisfaction of the jury and by a preponderance of the evidence.   And such seems to be the law as laid down by the courts generally, including those holding that the verdict of the coroner's jury is admissible for the purpose of establishing suicide.   In Metzradt v. Modern Brotherhood of America, 84 N. W. 498—a case cited by the appellant in support of their position that the verdict of the coroner's jury was admissible in evidence—the Supreme Court of Iowa says: "In an action on a certificate of insurance in which suicide was set up as a defense, the verdict of the coroner's jury that the deceased died by his own hand, though admissible in evidence, was not sufficient to shift the burden of proof on the plaintiff." To the same effect are the cases previously cited.   In the case

of Cox v. Royal Tribe of Joseph, supra, the Supreme Court of Oregon approved the following instruction: "You are instructed that this is an affirmative defense, set up by defendant, and the burden is upon the defendant to establish same to your satisfaction by a preponderance of the testimony.   When a person is found dead from unexplainable causes the presumption is that his death was natural or accidental, if nothing appears to the contrary.   Self-destruction is contrary to the general conduct of mankind.   The plaintiff is therefore entitled to recover, unless the evidence introduced has overcome this presumption, and satisfied you that death was voluntary." Home Benefit Association v. Sargent, 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160.

The only other alleged error we deem it necessary to discuss is the refusal of the court to grant a continuance upon the application of the defendant's counsel, made at about the time the case was called for trial.   This application was addressed largely to the sound judicial discretion of the trial court, and from an examination of the evidence we discover no abuse of that discretion.   The two attorneys who tried the case seemed to have had ample time to make the necessary preparation for the trial, and, even though they were expecting the assistance of associate counsel, they were not justified in delaying the necessary preparation for the trial until such counsel should arrive.   The case had been properly noticed for trial by both parties, and the plaintiff, having made his preparation for trial, was entitled to have the same tried at that term of court, unless the defendant, by reason of mistake, accident, surprise, or excusable neglect, could not properly proceed with the trial. No such showing was made on the part of the defendants,

the only showing being that the counsel who was expected to assist in the trial was unable to attend. It does not appear from the affidavits that, if the associate counsel had been present, any additional testimony could have been presented, or that the attendance of any witnesses who were not present could have been procured. As has been so often said by this court, a continuance is addressed to the sound judicial discretion of the trial court, and, unless there has been manifest abuse of that discretion, the judgment of the court below will not be reversed on the ground of the refusal of the said continuance. Gaines v. White, 2 S. D. 410, 50 N. W. 901; Id., 1 S. D. 434, 47 N. W. 524; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; Demmon v. Mullen, 6 S. D. 554, 62 N. W. 380; Hood v. Fay, 15 S. D. 84, 87 N. W. 528.

It is further contended by the appellant that it was entitled to a continuance on the ground of the absence of a witness whose testimony was material to the defense. But this, like the former application, is addressed to the sound judicial discretion of the trial court, and the court's ruling will not be a ground for a reversal unless there has been a manifest abuse of its discretion. To entitle the appellant to a continuance on the ground of the absence of a witness the application must show (1) that the evidence of the witness is material; (2) that due diligence has been exercised in an endeavor to procure it; (3) it must contain a reasonable assurance that the attendance of the witness can be procured for the future trial. It is not entirely clear from the affidavits presented to the court on the motion that the evidence of the witness whose absence was claimed as the ground for the motion was material, and it is quite certain that due diligence had not been exercised in its

endeavor to procure it, and there was no reasonable assurance that, if a continuance had been granted, the testimony could have been procured for the next term of court. We are clearly of the opinion, therefore, that there was no abuse of the trial court's discretion in denying the motion.

We have not overlooked the other assignments of error, but do not deem them of sufficient merit to entitle them to a separate discussion in this opinion.

Finding no error in the record, the judgment of the trial court and order denying a new trial are affirmed.