## REICHERS v. DAMMEIER.

[No. 6,676.    Filed January 26, 1910.]

1. EVIDENCE.—*Former Testimony of Nonresident Witness.*—The testimony of a nonresident witness upon a former trial is admissible in a subsequent trial.    p. 209.

2. TRIAL.—*Instructions.—Misleading.*—An instruction which, considered with others, does not mislead the jury, is harmless. p. 210.

3. ASSAULT AND BATTERY.—*Damages.—Self-Defense.—Instructions.* —An instruction that self-defense cannot be carried further than. the necessity of the case demands, that "a person exercising such right may safely act upon appearances," and that "the danger must be judged from his standpoint if he entertained an honest belief in its existence," is not prejudicial to defendant.    p. 210.

4. ASSAULT AND BATTERY.—*Excessive Force.—Instructions.*—An instruction that in repelling an assault the defendant had no right to use excessive force, and if he did, he would be liable for such excess, is not erroneous.    p. 210.

5. APPEAL.—*Death.—Affirmance.*—Where the appellee died, after appeal taken, a judgment of affirmance will be considered as made on the date of submission of the cause.    p. 211.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by Ernest H. Dammeier against Fred D. Reichers. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James K. Stinson, Frank Meeker* and *E. D. Crumpacker,* for appellant.

*N. L. Agnew* and *Bruce & Bruce,* for appellee.

RABB, P. J.—This action was brought by the appellee against the appellant to recover damages for an alleged assault and battery committed by the appellant on the appellee.

The case was put at issue, and two jury trials were had, the first resulting in a disagreement of the jury, the last, in a verdict favorable to the appellee. Appellant's motion for a new trial was overruled, and judgment rendered upon the verdict.

The error relied on for a reversal is the action of the

court below in permitting appellee to read in evidence the testimony of a witness, given at the former trial of the cause, and taken down by the official stenographer—the witness being absent at the trial, and a nonresident of the State—and the giving by the court of instructions six, nine and twelve.

The question of the admissibility in evidence of the testimony given on a former trial by an absent witness, who is a nonresident of the State, is an open question in

1. this State, never having been authoritatively presented to or decided by the Supreme or Appellate Court. *Wabash R. Co.* v. *Miller* (1902), 158 Ind. 174; *Wabash R. Co.* v. *Miller* (1901), 27 Ind. App. 180; *Schearer* v. *Harber* (1871), 36 Ind. 536.

It is appellant's contention that at the common law it was not competent to give in evidence the testimony of a witness taken at a former trial, unless the witness was dead, insane or beyond seas, and that the term "beyond seas" means outside of the national realm, and does not apply to a witness whose residence is known, and is in some other part of the realm.

It is argued that the statute makes ample provision for taking the depositions of nonresident witnesses, and that therefore the rule invoked to admit this testimony is not applicable, and some authorities are cited to support this contention. There is a conflict in the decisions of the court's of last resort as to the proper meaning of the term "beyond seas," as used in the statute of limitations; but in this State the term "beyond seas," when used in this connection, is held to mean beyond the limits of the State. *Stephenson* v. *Doe* (1847), 8 Blackf. 508. And as applied to the question here presented, it is almost universally held that where a witness is a nonresident of the State, and absent at the time of the trial, his former testimony may be proved. 2 Wigmore, Evidence, §1404, and cases cited; 5 Ency. Ev., 904, and cases cited.

It is true the statutes of this State provide for the taking of depositions of nonresident witnesses, but the courts of this State have no power to render effective this statutory provision, and are as helpless to compel the attendance of witnesses before its commissioners in Illinois and Ohio as they are to compel the attendance of witnesses before like commissioners in France or Australia, and the reason of the rule admitting the former testimony of nonresident witnesses is the lack of power and authority of the court to compel the witness to give his testimony, and therefore the necessities of the case require that testimony given at a former trial may be admitted.

Instruction six, complained of by appellant, is not a mandatory instruction. It is criticised, as requiring the appellant to prove that the danger, justifying him in resorting to force in self-defense, was such as would lead a reasonably prudent man to believe in its reality. 2. The instruction in question does not undertake to give the limitations of the rule, and is not technically incorrect. Standing alone, it might be misleading, but when considered in connection with other instructions given to the jury, as it must be, it could not have misled the jury.

It is insisted that instruction nine does not clearly state the law, because it tells the jury that self-defense cannot be carried further than the necessity of the case demands. 3. The same instruction, however, tells the jury that "a person exercising such right may safely act upon appearances," and "the danger must be judged from his standpoint, if he entertained an honest belief in its existence." This instruction could not have misled the jury to the appellant's harm.

Instruction twelve, complained of, tells the jury that a person in repelling an assault has no right to use greater force than, under the circumstances, he believes to be 4. reasonably necessary for self-protection, and if he does, he will be liable for the excessive force used. No

error intervened in giving this instruction. The instructions, taken as a whole, were exceedingly favorable to the appellant.

5. Since the submission of the cause, the death of the appellee has been suggested to the court.

Judgment of the court below affirmed, as of the date of the submission of the cause.