STATE, Respondent, v. CHERRINGTON, Appellant.

(149 N. W. 421.)

1. **Criminal Law—Trial—Evidence—Indorsement of Witnesses' Names on Information.**

An objection to witnesses, on ground that their names were not indorsed on the indictment, is not good, when the state's attorney stated at time of objection that he did not know of such witnesses when the information was filed, and the admission of such evidence was not error; accused, if surprised, and not prepared to meet such testimony, being bound to request a postponement of trial.

2. **Same—Evidence—Defendant's Default under Recognizance.**

In a prosecution of larceny, evidence that defendant had failed to appear at an earlier term of court and had forfeited his bond, is admissible; the jury having the right to consider defendant's conduct after the time of commission of the alleged offense, and his attitude and relation toward the offense.

3. **Same—Evidence—Ownership of Property—Self-Serving Declarations—Hearsay.**

Where accused, in explanation of his possession of horses alleged to have been stolen, was allowed to testify that he obtained possession from one B., who claimed to own them, **held**, that evidence of conversations had by B. with other third persons as to statements concerning B.'s ownership of the horses, as well as statements made by B. to accused after the latter had obtained possession, were properly rejected, as being either self-serving declarations, or hearsay.

(Opinion filed November 24, 1914.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

The defendant, James Cherrington, was convicted of grand larceny, and he appeals. Affirmed.

*Bartine & Bartine,* for Appellant.

*Royal C. Johnson,* Attorney General, and *Herman L. Bode,* State's Attorney, for Respondent.

(1) Under point one of the opinion, Appellant cited:

Sess. Laws 1895, Ch. 64, Sec. 2; State v. King, 9 S. D. 630; State v. Reddington, 7 S. D. 377; State v. Matejousky, 22 S. D. 33.

Respondent cited:

State v. Fulwider, 28 S. D. 622.

(3) Under point three of the opinion, Appellant cited:

People v. Shepard (Mich.) 37 N. W. 925; Dunbar v. McGill (Mich.) 37 N. W. 285; Ency. of Ev. Vol. 8, p. 11, and cases cited; Notes on Page 111, 109, Vol. 8 of Encyc. of Evidence; Henderson v. State, 70 Ala. 23; Encyc. of Ev., Vol 8, p. 112; State of Iowa v. Kelley, 57 Iowa, 644, 11 N. W. 635.

Respondent cited:

State v. Hill, 63 Ore. 451, 128 Pac. 444; Rollins v. State (Tex.) 20 S. W. 358; State v. Schaffer, 70 Ia. 371, 20 N. W. 639; Bennett v. State, 70 Ark. 43, 66 S. W. 198; Hampton v. State, 5 Tex. App. 463; Bratt v. State (Tex.) 41 S. W. 624; Peo. v. Prather, 120 Cal. 660, 53 Pac. 259.

McCOY, J.   Defendant. was convicted in the circuit court of grand larceny, and brings this appeal. The sufficiency of the evidence to justify the verdict is not questioned.

[1] Several witnesses were sworn, and gave testimony on behalf of the state, whose names were not indorsed on the information.   At the time of the calling of such witnesses to the stand to testify, defendant objected and duly excepted on the ground that their names were not indorsed on the information. The state's attorney at such times stated that he did not know of such witnesses at the time of the filing of the information.   We are of the view that no error was committed in permitting such witnesses to testify, for the reasons stated in State v. Fulwider, 28 S. D. 622, 134 N. W. 807, State v. Matejousky, 22 S. D. 30, 115 N. W. 96, and State v. King, 9 S. D. 628, 70 N. W. 1046. There was no showing made at the time such witnesses were called in relation to whether the state's attorney knew of such witnesses at the time of filing the information.   If defendant was surprised, and not prepared to meet such testimony at the calling of such witnesses, it was his duty to then and there apply by affidavit and make a showing for a postponement of the cause to give him an opportunity to contradict such testimony, if he desired to do so, or could do so; and if the court became satisfied that such showing was in good faith and was sufficient, it would then be the duty of the court to give defendant a reasonable time in which to procure his testimony:

[2] Over objections of the defendant the trial court received in evidence the court records, showing that defendant had given a recognizance bond with sureties to appear at a prior term of

said circuit court, and that defendant failed to appear at such term of court, and that his bond was forfeited by reason thereof. This ruling is assigned as error. We are of the view that there was no error in this ruling. The conduct of a defendant after the time of the commission of the alleged offense, and his attitude and relation toward such alleged crime, are always relevant. While such conduct may not be sufficient evidence to alone warrant a conviction, still it constitutes a circumstance which the jury have a right to take into consideration in connection with all the other evidence in the case. 12 Cyc. 395; Barton v. State, 154 Ind. 670, 57 N. E. 515.

[3] There was testimony tending to show that a short time after the alleged offense defendant was in possession of the horses alleged to have been stolen, claiming to be the owner, and trying to dispose of the same as his own property, and also trying to get the same across the Missouri river, but was prevented from crossing the river on account of the ice. Defendant, in explanation of his possession, claimed that he had obtained possession from one Barton, who claimed at the time to own them, and that defendant was trying to make a sale for Barton. Defendant also offered in evidence conversations had by Barton and other third parties as to statements made by Barton as to his ownership and the brands on the horses. Defendant also offered evidence as to conversations he had with Barton after defendant claimed to have obtained possession.. All these conversations were objected to by the state on the ground that they were hearsay and self-serving declarations. We are of the opinion that no error was committed. The trial court permitted defendant to testify as to the manner in which he claimed to have obtained possession of the horses, but sustained objections to statements claimed to have been made by Barton to third parties, and sustained objections to statements claimed to have been made by defendant to third parties, and also sustained objections to conversations had between defendant and Barton after defendant was in possession. We are of the view that the court ruled correctly.

All assignments of error have been carefully examined, and, finding no error therein, the judgment and order appealed from are affirmed.