MICHAEL B. BURNETT *v*. STATE OF INDIANA.

[No. 2-174A15. Filed December 19, 1974. Rehearing denied January 30, 1975. Transfer denied March 25, 1975.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Michael B. Burnett (Burnett) appeals from a trial court conviction for a violation of the Offense Against Property Act [IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974)], claiming that the trial court erred in refusing to allow into evidence testimony given in a prior judicial proceeding.

We affirm.

## FACTS

The evidence and facts most favorable to the State are as follows:

On July 28, 1972, Burnett and Sherrie Slocum (Sherrie) entered the Wm. H. Block Co. (Block's) at Southern Plaza, Indianapolis, Indiana, and proceeded to a clothing rack in the Junior Department of the store.

Burnett and Sherrie were observed by a Block's security guard, Linda Miller (Miller), who testified that the pair was acting in an odd manner which prompted her to position herself for a closer observance of their activities.

She noted Sherrie holding up a dress in a manner which concealed a large unzipped handbag. While ostensibly examining the dress, Miller observed Burnett grab three dresses from the clothes rack and stuff them into Sherrie's handbag.

This maneuver completed, they headed directly for the nearest exit—passing a total of five cash registers and making no attempt to pay for the concealed items.

As they departed the building Miller apprehended them and the police were summoned.

At trial, Burnett and two additional defense witnesses attempted to testify as to the content of Sherrie's testimony given at the Preliminary Hearing in Marion County Municipal Court to the effect that she was forced to testify against him. The trial court sustained all the State's objections to such testimony as being hearsay evidence.

Burnett made no attempt to bring Sherrie to the witness stand or to explain her absence or inability to be present to testify.

The trial court found Burnett guilty as charged, and sentenced him to imprisonment for a period of not less than one (1) year nor more than five (5) years.

## ISSUE

While Burnett's timely-filed Motion to Correct Errors alleged various errors, he has chosen to argue only one issue. (The others are waived, AP. 8.3(A).)

Did the trial court err by refusing to admit testimony by defense witnesses as to the testimony given by Sherrie at the Preliminary Hearing (show cause) in Marion County Municipal Court?

Burnett contends that his right to a fair and impartial trial was prejudiced by the trial court's refusal to admit into evidence the testimony concerning the proceedings at the Preliminary Hearing as hearsay evidence, because such evidence is admissible under the "best evidence" exception to the hearsay rule.

The State argues that Burnett failed to show in what manner he was prejudiced by the trial court's inadmissibility ruling and because the requirements of the "former testimony" exception to the hearsay rule were not fulfilled, the evidence was not admissible.

## DECISION

CONCLUSION—It is our opinion that it was not error to exclude testimony given by Sherrie at the Preliminary Hearing because of Burnett's failure to explain the reason for her unavailability to testify at trial and his further failure to show how he was prejudiced thereby.

Both parties agree that testimony by Burnett or his witnesses repeating the testimony of Sherrie at the Preliminary Hearing constituted hearsay evidence:

> "Hearsay evidence is testimony in court, . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." McCormick, *LAW OF EVIDENCE*, § 246, p. 584 (Second Ed. 1972).

From the record before us it would appear to have been offered for the purpose of showing that Sherrie was forced to testify against Burnett, although this statement was stricken by the trial court on objection.[1]

If this hearsay evidence were to be admitted, the only legal basis for doing so is the "former testimony" exception to the hearsay rule which requires the movant to prove that such testimony given at a formal judicial proceeding (1) was given under oath; (2) that the party against whom the former testimony is now offered had an opportunity to cross examine the witness at the former proceeding; and (3) that the party who gave such testimony is presently unavailable. *See,* McCormick, *LAW OF EVIDENCE*, § 255, pp. 616-17 (Second Ed. 1972).

> "The overwhelming weight of authority is in favor of the view that *in criminal cases the testimony at a former trial of a witness who is absent from and cannot be produced at the subsequent trial,* because of death or illness or being out of jurisdiction of the court, *may be proved by the oral testimony of any person who was present at the former trial and heard the witness testify . . . ."* (emphasis supplied) 11 A.L.R.2d, § 2, p. 36.

The record before us discloses no attempt by Burnett to explain his failure to call Sherrie as a witness to testify at his trial.

---

1. In his brief, Burnett alleges that upon the basis of her testimony, she was discharged and he was bound over to Criminal Court for trial.

Accordingly, Burnett's failure to show why Sherrie was unavailable to testify at trial, or explain her absence from the jurisdiction, or even that an attempt was made to procure her testimony by deposition, precludes him from proving the content of her former testimony by use of other witnesses by virtue of the "former testimony" exception. *See, Raines* v. *State* (1971), 256 Ind. 404, 269 N.E.2d 378; *Stearsman* v. *State* (1957), 237 Ind. 149, 143 N.E.2d 81; *Levi* v. *State* (1914), 182 Ind. 188, 104 N.E. 765; *New York Central Railroad Co.* v. *Pinnell* (1942), 112 Ind. App. 116, 40 N.E.2d 988; *Reichers* v. *Dammeier* (1910), 45 Ind. App. 208, 90 N.E. 644; *Iowa Life Ins. Co.* v. *Haughton* (1909), 46 Ind. App. 467, 87 N.E. 702; *Deep Vein Coal Co.* v. *Dowdle* (1946), 224 Ind. 244, 66 N.E.2d 598; *Wabash Railroad Co.* v. *Miller* (1901), 158 Ind. 174, 61 N.E. 105; *Union Central Life Ins. Co.* v. *Hollowell* (1896), 14 Ind. App. 611, 43 N.E. 277; *Wollen* v. *Wire* (1886), 110 Ind. 251, 11 N.E. 236; *Lyon* v. *Aetna Life Ins. Co.* (1942), 112 Ind. App. 573, 44 N.E.2d 186. *See also,* 12 I.L.E. Evidence § 50, p. 487.

Assuming Sherrie's testimony was relevant,[2] Burnett does not favor us with an explanation as to how he was harmed by the exclusion of this hearsay evidence:

"Error, standing alone, however, does not compel reversal. It must also be shown that the complaining party was harmed by such error . . . ." *Johnson* v. *State* (1972), [257] Ind. [682], 278 N.E.2d 577, 580.

*See also,*
*Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783, 786; *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489; *Coppenhaver* v. *State* (1903), 160 Ind. 540, 67 N.E. 453; *Wright* v. *State* (1958), 237 Ind. 593, 147 N.E.2d 551; *Fortune* v. *State* (1937), 212 Ind. 325, 9 N.E.2d 81; *Cooper*

---

2. Prior testimony by an unavailable witness must be shown to be relevant before the trial court can admit it into evidence. [*Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, 692; *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339; *Marks* v. *State* (1942), 220 Ind. 9, 40 N.E. 2d 108; *Barton* v. *State* (1900), 154 Ind. 670, 57 N.E. 515.] *See also, Millington* v. *State* (1972), 154 Ind. App. 42, 289 N.E.2d 161; *Adler* v. *State* (1966), 248 Ind. 193, 225 N.E.2d 171; 8 I.L.E. Criminal Law, § 205, p. 325.

v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799; *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Yeary* v. *State* (1971), 257 Ind. 159, 273 N.E.2d 96; *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299.

Burnett asserts that the "best evidence" rule allows admission of Sherrie's testimony because the trial transcript of the Preliminary Hearing was unavailable (destroyed) . . . an assertion unsupported by authority. Introduction of any evidence as to Sherrie's prior testimony was hearsay and only admissible as an exception to the hearsay rule—and no exception was demonstrated.

Because the hearsay evidence was not admissible under the "former testimony" exception to the hearsay rule and because Burnett failed to indicate any prejudicial error resulting from the evidence being ruled inadmissible, we accordingly affirm his conviction for violation of the Offense Against Property Act.

Judgment affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 319 N.E.2d 878.

## ON PETITION FOR REHEARING

BUCHANAN, J.—Burnett's Petition for Rehearing expresses discontent with our opinion handed down December 19, 1974, (*Burnett* v. *State* (1974), 162 Ind. App. 543, 319 N.E.2d 878) because we did not correctly resolve his contention that defense witnesses attending the Preliminary Hearing in Marion County Municipal Court should have been permitted to testify as to the testimony given by one Sherrie Slocum in that prior proceeding (and the alleged fact that she was at that time discharged).

In addition to the grounds stated in our decision, reexamination of the record reveals that this alleged error has been waived.

No offer of proof was made at any point in the proceedings either as to the content of the witnesses' testimony had they been permitted to testify, or as to what the transcript of the Municipal Court proceedings might reveal as to whether Sherrie Slocum was in fact discharged.

Indiana has long recognized the requirement of proffer if an appellant is alleging erroneous exclusion of evidence on appeal. As Justice Hunter stated in *State* v. *Lonergan* (1967), 252 Ind. 376, 378, 248 N.E.2d 352, 353:

> "Thus the proper trial procedure dictates that an offer to prove must be made following a trial court's ruling on objection. In such case both the trial court and this court would then have been in a position to determine the admissibility and relevance of the testimony sought to be elicited.
>
> In *VanSickle* v. *Kokomo Water Works Co.* (1959), 239 Ind. 612, 158 N.E.2d 460, this court reaffirmed the rule that in order to preserve any question regarding the admission of evidence, the motion for new trial must set forth . . . the question, the ruling and the offer to prove."

*See also,*

*Gradison* v. *State* (1973), 260 Ind. 688, 300 N.E.2d 67; *Marposon* v. *State* (1972), 259 Ind. 426, 287 N.E.2d 857; *Isenhour* v. *Speece* (1958), 238 Ind. 293, 150 N.E.2d 749; *State* v. *Quackenbush* (1973), 158 Ind. App. 603, 303 N.E.2d 830; *Cadick Milling Co.* v. *Valdosta Grocery Co.* (1920), 72 Ind. App. 534, 126 N.E. 240; *Lauter* v. *Duckworth* (1897), 19 Ind. App. 535, 48 N.E. 864; McCormick, *LAW OF EVIDENCE*, § 51, p. 110 (Second Ed. 1972).

Even had Burnett timely proffered to the trial court the content of the witnesses' testimony he failed to follow the basic requirement that proof be presented by the proponent that the "best evidence," i.e., the transcript of the Municipal Court proceedings, was not available (lost or destroyed) which would entitle him to present the next best evidence. *See, Howe, et al.* v. *Fleming, et al.* (1899), 123 Ind. 262, 263, 24

N.E. 238; *American United Life Insurance Co.* v. *Peffley* (1973), 158 Ind. App. 29, 306 N.E.2d 131; *Eubanks* v. *Gulley* (1932), 94 Ind. App. 650, 182 N.E. 95; *Murray* v. *Buchanan* (1845), 7 Blackf. 549.

Petition for Rehearing is accordingly denied.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 322 N.E.2d 125.