JEFF VAUTAW *v.* STATE OF INDIANA.

[No. 178S11. Filed October 26, 1978. Rehearing denied December 14, 1978.]

*Jeffrey A. Lockwood, Lockwood & Swick,* of Alexandria, for appellant.

*Theodore L. Sendak,* Attorney General, *Gordon R. Medlicott,* Deputy Attorney General, for appellee.

HUNTER, J.—Jeff Vautaw was found guilty of delivery of a controlled substance, phencyclidine, and he was sentenced to twenty years' imprisonment. His appeal to this Court raises two questions regarding his jury trial: (1) did the trial court err in admitting testimony given at a prior hearing, and (2) was the defendant denied his right to a fair trial because certain witnesses were not available for trial despite representations by the state that the witnesses would be available?

The facts relevant to the charged crime are few. After introductions by an informant, Ron Moon, and his girl friend, Pam Cleaver, Douglas Schultz, an Indiana State Police narcotics officer, bought 1.12 grams of phencyclidine (angel dust) from the defendant. Schultz had been working undercover, with the aid of Moon, a paid informant, in the Elwood, Indiana, area for approximately three months prior to the

buy from the defendant on July 27, 1976. Although Moon and Cleaver had been with Officer Schultz when he first met the defendant, Officer Schultz was alone with the defendant when the buy was made.

## I.

Cleaver testified as a defendant's witness at the defendant's hearing on his motion to suppress. When she was not available to testify at trial, the state moved to admit the previous testimony. The defendant opposed that motion, but the testimony was admitted. On appeal, the defendant asserts that the trial court erred in admitting the previous testimony in that he has been deprived of his right to cross-examine. This argument is without merit.

Reserving for the moment the issue of whether or not Cleaver *could* have been produced by the state for trial, we must analyze the defendant's position. If we were to countenance the defendant's argument regarding cross-examination of Cleaver, it would be tantamount to holding that a criminal defendant has a right to demand that the state call certain witnesses so that the defendant will be able to cross-examine those witnesses. This result is untenable. Of course, a defendant is entitled to call witnesses to testify in his behalf. *Langley* v. *State,* (1971) 256 Ind. 199, 214, 267 N.E.2d 538, 546. But, when that witness takes the stand and the defendant questions the witness, the defendant cannot thereafter complain that the right of *cross*-examination has been withheld from him. *See also* Fed. R. Ev. 804(b)(1) (1975); the rule allows former testimony where the defendant has had an opportunity and motive to develop the testimony by "direct, cross, or redirect examination."

This is the present situation. The defendant called Cleaver as a witness at his motion to suppress hearing. Cleaver was closely questioned by the defense and the state. Her testimony revealed that *she* had previously bought drugs from the

defendant, but she did not know whether or not Officer Schultz purchased drugs from the defendant on July 27, 1976. She stated that Officer Schultz had indicated he would buy, and the defendant had indicated that he would sell, but that she had no way of knowing whether the transaction was completed. All of these facts were elicited by the defense attorney on direct examination at the hearing on the motion to suppress. Even if the state had decided not to call Cleaver as a witness at trial, and even if the defendant wished to call Cleaver as a witness at trial, there is no reason to assume that Cleaver would have changed her testimony had she appeared at trial.

The defendant subpoenaed Cleaver; the state had also subpoenaed her. The trial judge admitted the prior testimony because he found that Cleaver was unavailable for trial. *See Burnett* v. *State,* (1974) 162 Ind. App. 543, 319 N.E.2d 878. The only basis for reversal on that finding would be that the state failed to demonstrate due diligence in procuring Cleaver for trial. As discussed *ante,* we have been shown no abuse of discretion in the trial court's determination. And, insofar as defendant argues that Cleaver's testimony was detrimental to him, that he was deprived of his right to cross-examine, and that reversal should be based upon those arguments, we must disagree. Cleaver's testimony was merely cumulative. Her testimony substantiated the recitation of events averred to by Officer Schultz. She was unable to shed any light upon the criminal transaction itself because she was not there. Therefore, even if the trial court had erred in admitting Cleaver's previous testimony, such error was harmless in light of the cumulative nature of her testimony.[1]

---

1. We would note again that Cleaver's testimony did not reflect upon the criminal activity itself, the sale to Officer Schultz. Rather, Cleaver's statements related only to the initial contacts made; those statements simply corroborated Officer Schultz's account. Admission of such testimony is properly left to the sound discretion of the trial court. *See* Raines v. State, (1971), 256 Ind. 404, 269 N.E.2d 378.

## II.

The defendant argues that he was denied a fair trial because neither Cleaver nor Moon was produced by the state for trial even though he had been assured that they would be produced. The state had refused to furnish the addresses for Cleaver and Moon because Moon had been working as a paid informant, and the state did not want to jeopardize the couple's personal safety. Rather, the state promised to produce them for trial. The defendant posits that the state did not use due diligence in attempting to find Cleaver and Moon.

Testimony of Indiana State Policemen Schultz and Joe Coate revealed that they did attempt to locate Cleaver and Moon. They stated that they had no Florida address for the parties, and that although jobs had been procured for the two in North Manchester, Indiana, Cleaver and Moon had left the state without leaving any forwarding address. The officers did keep in touch with North Manchester police, and did make calls to family and friends in Elwood, Indiana. Despite any contradictory assertions made by the defendant, the record does support the inference that police officials utilized due diligence in attempting to procure Cleaver's and Moon's presence at trial. Nothing in the record suggests a situation similar to that disapproved in *Ortez* v. *State*, (1975) 165 Ind. App. 678, 333 N.E.2d 838. The trial court did not abuse its discretion in admitting the previous testimony of Cleaver.

The state was, after all, under no compulsion to call either Cleaver or Moon as its own witness. Of course, the defendant had the right to call them. *Anness* v. *State*, (1971) 256 Ind. 368, 269 N.E.2d 8. However, when the time for trial arrived and the witnesses had not been located, it was incumbent upon the defendant to request a continuance for the purpose of finding them. Ind. Code § 35-1-26-1 (Burns 1975). Since the state had assumed the responsibility of producing the witnesses for trial, the court

could have, in its discretion, granted even an oral motion for continuance. *Collier* v. *State,* (1977) Ind. App., 362 N.E.2d 871. *See also Minton* v. *State,* (1978) 269 Ind. 39, 378 N.E.2d 639. The defendant failed to do so.[2] The trial judge could only assume that the defense intended to proceed without the witnesses. Cleaver's account of the contact had been preserved, under oath; and Moon was not with Officer Schultz when the actual buy was made. Therefore, arguably his testimony would have been only cumulative.

The defendant testified at trial. His attorney elicited statements from witnesses which were to the effect that Officer Schultz had framed the defendant. However, the jury was the trier of fact. They weighed the evidence and assessed witness credibility. We shall not substitute our judgment for that of the jury upon appeal. *Lofton* v. *State,* (1978) 269 Ind. 60, 378 N.E.2d 834; *Dew* v. *State,* (1978) 268 Ind. 17, 373 N.E.2d 138.

For all of the foregoing reasons there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., and Pivarnik, J., concur.

DeBruler, J., dissents with opinion in which Prentice, J., concurs.

## DISSENTING OPINION

DeBruler, J.—As a general rule as one of the conditions of the admission of prior recorded testimony, the proponent thereof must show that a diligent good faith effort was made to produce the live witness for trial. In criminal cases this

---

2. When the defendant produced a witness later in the trial whose name had not appeared on the witness list, the state questioned the propriety of the testimony. The defense attorney properly pointed out that the state would be entitled to a continuance but that there was no manifest surprise. This demonstrates that the defendant knew that the vehicle of the continuance is available. He could have, and should have, requested a continuance if he felt the presence of Cleaver and Moon was crucial to his defense.

rule is stricter than in civil cases. *Levi* v. *State*, (1914) 182 Ind. 188, 104 N.E. 765; *Raines* v. *State*, (1971) 256 Ind. 404, 269 N.E.2d 378; *Burnett* v. *State*, (1974) Ind. App., 322 N.E.2d 125; *Zimmerman* v. *State*, (1920) 190 Ind. 537, 130 N.E. 235; *Iowa Life Insurance Co.* v. *Haughton, Administrator*, (1910) 46 Ind. App. 467, 87 N.E. 702.

Two months prior to trial, the police handling this case learned that Cleaver had departed her residence in North Manchester, Indiana for parts unknown. The North Manchester Department continued to affirm her absence from that area. Two days prior to trial, the police made a couple of telephone calls to family and friends of Cleaver in the Elwood, Indiana area. The law cannot possibly countenance this work on the part of a professional police force as a manifestation of a diligent good faith effort to locate a prosecution witness and bring her to the trial. It was, therefore, error to admit her prior recorded testimony.

Prentice, J., concurs.

NOTE.—Reported at 381 N.E.2d 487.