Bissell, J.,
delivered the opinion of the court.
Samuel Watson was the owner of a stallion, which was injured about the 17th of September, 1892, on tbe'line of the *430 railroad operated by the Rio Grande Company in Pitkin County. One of its legs was cut off and the horse was of necessity ultimately killed. Satisfactory evidence was produced to show the accident occurred on the line of road and that the animal must have been hurt by one of the trains run by the company. The locus of the accident was very clearly established by the blood and other marks on the ties and rails, and the horse was found but a short distance from the point where it had evidently been struck by the train. The necessity to establish the negligence of the company is conceded, and Watson offered evidence tending to prove it. Some testimony was offered to show the passage of a train along the line of the road in the night or early in the morning, and the failure on the part of the employees operating it to blow a whistle or ling a bell before it reached the crossing which is near the point of the accident. Since the thing happened in the night, the evidence on the subject was neither very direct nor persuasive, but was probably sufficient to go to the jury as tending to establish negligence if otherwise the ease was sufficient in this particular. The plaintiff did not prove this train to be the only one running over the line on that night, and of course did not establish with certainty that the train which failed to whistle or ring its bell killed the horse. Omitting anj'- farther reference to this matter, the plaintiff attempted to prove negligence on the part of the company by offering evidence which tended-to show a,running of the train at an unusual and dangerous rate of speed. This was not done, however, by the production of any other testimony than the declaration of the engineer who is said to have been in charge of the engine pulling the train. The statements of the engineer were not made at the time the accident happened nor immediately afterwards. Just when they were made is not disclosed. It appears from the record a trial of this case was originally had in the county court, and from thence came to the district court for trial on appeal. When the first trial was had the abstract does not show. At all events the evidence on this point was given by the witness *431 Hardenburgh, who stated the engineer testified in the county court that his engine was running about thirty miles an hour when a horse was struck. The company promptly objected to its introduction on the ground that there was nothing in the case to show the declaration to have been made so concurrently with the happening of the event as to constitute a part of the res gestee, and therefore to be admissible as being the declaration of an agent made at the time of the accident.
Manifestly the objection was well taken. Edmunds v. Curtis, 8 Colo. 605; New York & Colo. M. S. Co. v. Rogers, 11 Colo. 6; T. & H. Pueblo Bldg. Co. v. Klein et ux., 5 Colo. App. 348.
There is no doubt respecting the admissibility of the declarations of an agent made at the time he is engaged in the business of the principal and about the time of the happening of the matter which is the subject of inquiry. To bring the declarations within the rule and make them admissible, it must always appear that they were made at the time and under circumstances which bring them within the tolerably well defined rule as to the necessity of the concurrence of the act and the declaration. We are referred to no case which would make the declarations of the engineer given at the time of the first trial of the case admissible on this ground. Had the engineer been produced as a witness and had he given testimony in opposition to what he had stated on the former hearing, then this might have been introduced for the purposes of contradiction. It was not admissible as the declaration of an agent made at the time of the event. The court committed an error in admitting it, which may have largely affected the jury and determined them in the verdict which they rendered. No other serious error occurred or requires discussion.
The admission of this testimony over the objection of the company compels us to reverse the judgment and to send the case back for another trial.

Reversed.