## SOUTHERN RAILWAY COMPANY *v.* ELLIS.

[No. 7,861. Filed March 13, 1913.]

1. CARRIERS.—*Injury to Passengers.—Verdict.—Answers to Interrogatories.*—In a passenger's action against a railroad company for injuries sustained while alighting from a train, answers to interrogatories that the train did not stop a reasonable time for plaintiff to alight, that it was moving when she reached the coach platform, that its speed was three miles an hour and was in-

creasing as she descended the steps, that there was an unusual jerk of the train while she was on the coach steps, that she went down the steps for the purpose of alighting and at the time was confused and excited, that she did not step off the train, but was forced to jump by a lurch of the coach, and that she was not thrown from the coach by a sudden or violent movement of the train, are not in irreconcilable conflict with a verdict for plaintiff.   pp. 38, 39.

2.  TRIAL.—*General Verdict.—Scope and Effect.*—The general verdict covers the whole issue and solves every material fact against the party against whom it is rendered.   p. 38.

3.  TRIAL.—*General Verdict.—Answers to Interrogatories.—Control.*—To enable a party against whom a general verdict is rendered to successfully interpose the special findings on particular questions of fact, as ground for judgment in his favor, such special findings must stand in such clear antagonism to the general verdict that the two cannot coexist.   p. 38.

4.  APPEAL.—*Review.—Presumptions.—General  Verdict.—Answers to Interrogatories.*—All reasonable presumptions will be indulged in favor of the general verdict and against the answers to interrogatories, and if the general verdict thus aided is not in irreconcilable conflict with such answers, it must stand.   p. 39.

5.  CARRIERS.—*Injury to Passengers.—Instructions.—Care Required.*—In a passenger's action for personal injuries sustained in alighting from a train, an instruction that it was the duty of those in charge of the train to see and know at the time that no passenger was in the act of alighting before signaling the engineer and putting the train in motion, was erroneous in that it imposes a higher duty than the law exacts and does not distinguish between the duty to be performed and the care required in its performance.   p. 39.

6.  APPEAL.—*Review.—Harmless  Error.—Instructions.*—Where it appears that a verdict was returned on one of two charges of negligence contained in the complaint, the giving of an erroneous instruction applicable only to the other charge, is harmless.   p. 40.

7.  CARRIERS.—*Injury to Passengers.—Duty to Passenger Alighting From Train.*—A railroad company owes to its passenger the duty of stopping the train a reasonable time to enable the passenger to alight before again putting the train in motion, and the failure to perform such duty is negligence and renders the company liable for injuries proximately resulting.   p. 40.

8.  CARRIERS.—*Injury to Passengers.—Answers to Interrogatories. —Instructions.—Harmless Error.*—Where, in a passenger's action for injuries sustained in alighting from a train, it appears from the jury's answers to interrogatories that the proximate cause of the injury was the starting of the train before plaintiff had time

to alight, and the lurching of the same which forced plaintiff to jump, an erroneous instruction applicable only to the alleged negligence of defendant in not having a servant on the ground or platform when plaintiff attempted to alight, was harmless.    p. 40.

9.  CARRIERS.—*Injury to Passengers.—Instructions.—Refusal of Instructions.*—In a passenger's action for injuries sustained in alighting from a train, where the court instructed that if the train was in motion when the plaintiff reached the car door, she should have returned to her seat and remained there until the car stopped, that a passenger is as much bound to use care to avoid injury as a carrier is bound to use care to prevent injury, and must act as a person of ordinary prudence would act under the circumstances in order to recover, the refusal of defendant's requested instructions that on the facts detailed plaintiff, as a matter of law, was guilty of contributory negligence, and that if a reasonably prudent woman, under the circumstances detailed, would not have encountered the risk that plaintiff encountered in attempting to alight, plaintiff was guilty of contributory negligence, was not erroneous.    p. 41.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Amanda L. Ellis against the Southern Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman, Thomas Duncan* and *Richard M. Milburn,* for appellant.

*Cox & Armstrong* and *B. W. Pickhardt,* for appellee.

ADAMS, J.—Appellee, accompanied by her husband and two small children, became a passenger on one of appellant's trains at French Lick, Indiana, having a ticket which entitled her to be carried to Cuzco, a station on appellant's line of railroad a few miles south of French Lick. Appellee charges in her complaint that when the station of Cuzco was announced, and the train had come to a stop, she went forward to the door of the coach in which she was riding, for the purpose of leaving the train; that the train stopped for a moment only, and when she reached the platform of the coach the train was slowly moving forward. Believing

that the train was about to stop a few feet south of the place where the first stop was made, she proceeded carefully and cautiously down the steps, holding to the hand-rail attached to the platform of the coach, intending to alight when the train came to a full stop; that while standing on the second step, "defendant by and through its agents and servants in charge of said train negligently and carelessly suddenly started said train with a heavy lurch and jerk, while she was carefully and cautiously making her way down from the platform to and upon the steps, defendant knowing at said time that she was intending to get off of the train at Cuzco and knowing at the time that she was still on the platform or steps of said car attempting to get off thereof, and while in this position, without any fault or negligence upon her part, but solely on account and by reason of the carelessness and negligence of the defendant as hereinafter charged in suddenly starting said train with great force and velocity, she was thrown off and from said steps down to and upon the ground," sustaining injuries specifically described. Plaintiff charges defendant with negligence "in failing to stop said train a sufficient length of time to enable her to alight therefrom down to and upon the ground, and that defendant was further guilty of carelessness and negligence in its servants failing to stand upon the ground or upon the platform of said coach in such way and manner whereby they could see plaintiff and distinctly from the time she came out of the coach in which she had been riding to and upon the platform and steps of said car, defendant's servants well knowing at the time they started the train that she was attempting to alight therefrom." The court overruled defendant's demurrer to the complaint, and an issue of fact was formed by answer in general denial. The cause was submitted to a jury, and verdict returned in favor of plaintiff. With its general verdict the jury returned answers to certain interrogatories. Defendant moved the court for judgment on the answers to interrogatories, notwithstanding

the general verdict. This motion was overruled, and judgment was rendered on the general verdict. Defendant's motion for a new trial was overruled, and an appeal was prayed and granted to this court.

The errors assigned are: (1) overruling the demurrer to the complaint; (2) overruling the motion for judgment on the answers to interrogatories; (3) overruling the motion for a new trial. The first specification of error is not relied on, nor is it insisted that the proof does not disclose negligence on the part of appellant. Under the second specification of error, appellant urges that the answers to interrogatories returned with the general verdict, show that appellee was guilty of contributory negligence, and that said answers are in irreconcilable conflict with the general verdict.

By its special verdict, the jury found that the station was called; that the train stopped thirty seconds, which was not a reasonable time for plaintiff to alight; that the train was moving when she reached the coach platform, and that she knew it; that the speed of the train was three miles an hour, and was increasing as she descended the steps, leading a four-year-old child; that there was no unusual jerk of the train when it started, but there was an unusual jerk while she was on the coach steps; that she went down the steps for the purpose of alighting; and at the time, she was confused and excited; that she did not step off on the station platform, but was forced to jump by a lurch of the coach; that she was not thrown from the coach by a sudden or violent movement of the train, but was forced to jump by a lurch of the same.

It is well settled that the general verdict necessarily covers the whole issue, and solves every material fact against the party against whom it is rendered. To enable the latter successfully to interpose the special findings on particular questions of fact, as a ground for judgment in his favor, the special findings must stand in such clear antagonism to the general verdict that the two

cannot coexist. *McCoy* v. *Kokomo R., etc., Co.*, (1902), 158 Ind. 662, 64 N. E. 92, and cases cited; *Indianapolis Union R. Co.* v. *Ott* (1895), 11 Ind. App. 564, 568, 38 N. E. 842, 39 N. E. 529; *Harmon* v. *Foran* (1911), 48 Ind. App. 262, 266, 94 N. E. 1050, 95 N. E. 597; *Ittenbach* v. *Thomas* (1911), 48 Ind. App. 420, 427, 434, 96 N. E. 21. All reasonable presumptions will be indulged in favor of the general verdict and against the special answers, and if the general verdict thus aided is not in irreconcilable conflict with the answers, it must stand. *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 423, 60 N. E. 261, 54 L. R. A. 396, 83 Am St. 200.

Keeping in mind that the general verdict is a finding in favor of appellee on the whole issue presented by this case, and indulging every reasonable presumption and intendment in favor of the general verdict, as required by the well-established rule declared in the foregoing cases, we think the special answers are not in irreconcilable conflict with the general verdict.

Appellant further urges that the court erred in overruling its motion for a new trial. The particular errors complained of and specified in the motion as grounds for a new trial relate to the giving of certain instructions and the refusal to give other instructions.

The fourth instruction given by the court pertained to the duty that appellant owed appellee, and was in part as follows: "It was the duty of those in charge of the train to see and know at the time that no passenger was in the act of alighting from the train before the signal to the engineer and the putting the train of which he was in charge in motion." The instruction is clearly erroneous, in that it does not distinguish between the duty to do a certain thing and the care necessary to be exercised in the performance of such duty. The duty imposed by the instruction is higher than the law exacts. *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 453, 93 N. E.

5, 94 N. E. 768. Whether the giving of this instruction constitutes reversible error depends on whether it was applicable to the charge of negligence on which the verdict was returned. It will be noted that appellee's right to recover was predicated on two independent charges of negligence on the part of the servants of appellant: (1) in failing to stop the train for a sufficient length of time to enable appellee to alight therefrom, and (2), in failing to stand on the ground or on the platform of the coach when appellee came out, knowing at the time they started the train that she was attempting to alight therefrom. If it appears from the evidence or answers to interrogatories that the verdict was returned on the first charge of negligence, then the giving of the erroneous instruction was harmless, as it was applicable only to the second charge of negligence. *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 271, 61 N. E. 565; *Roush* v. *Roush* (1900), 154 Ind. 562, 573, 55 N. E. 1017; *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, 662, 50 N. E. 877, 52 N. E. 399; *Putt* v. *Putt* (1897), 149 Ind. 30, 39, 48 N. E. 356, 51 N. E. 337.

Appellant owed appellee the duty of stopping a reasonable time to enable her to alight before again putting the train in motion, and failure to perform such duty was negligence, on account of which there was a liability for injuries proximately resulting. *Lake Erie, etc., R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 433.

By its special verdict, the jury found that the train stopped thirty seconds at appellee's destination, and that thirty seconds was not a reasonable time for appellee to alight. This was a direct finding that appellant was guilty of negligence. The jury further found specially that appellee did not jump from the car steps to the station platform, but was forced to jump by the lurch of the coach. It therefore fully appears from the special answers that the proximate cause of the injury was the starting of the train before appellee had time to alight, and the

lurching of the same in starting which forced appellee to jump. Appellant was not harmed by the erroneous instruction.

Complaint is also made of the refusal of the court to give certain instructions tendered by appellant on the issue of contributory negligence. By instructions Nos. 16, 9. 17 and 18, requested by appellant and refused, the court was asked to say that on the facts detailed in said instructions appellee, as a matter of law, was guilty of contributory negligence. By instruction No. 19, requested by appellant and refused, the court was asked to declare the law to be that if a reasonably prudent woman, under the circumstances detailed in the other instructions, would not have undertaken to alight from the train, then appellee was guilty of contributory negligence. Instructions Nos. 21 and 23, requested by appellant and refused by the court, involved the same principle as instruction 19—that if a prudent woman, under the same circumstances, would not have encountered the risk that appellee did encounter in attempting to alight from a moving train, she was guilty of contributory negligence. It is insisted that the refusal to give each of said instructions is reversible error.

Appellant was clearly entitled to have the court instruct the jury on the question of contributory negligence, as well as on the facts which, if shown, would constitute contributory negligence. And if the court had given no instruction on this general subject, refusal to give the instructions requested would result in a reversal. But we think the court, by instruction No. 7, given on its own motion, fully covered the features included in the instructions refused.

By instruction No. 7 the court told the jury that it was the duty of appellee to remain seated in the car until the train was brought to a stop at the station, and it was then her duty to leave her seat with reasonable dispatch, pass out of the coach and get off of the train at the place where

passengers were accustomed to get on and off of appellant's trains. In this instruction, the court further said: "If, when the plaintiff reached the door of the coach in which she had been riding, the train was in motion, it was her duty to return to her seat and remain on the car until it was brought to a stand still, even though by so doing she would have been carried past said station and beyond her home. A passenger is as much bound to use reasonable care to avoid injury as the carrier is bound to use the greatest degree of skill and care to save passengers from harm. The passenger must think before he acts, and he is bound to think and act as a person of ordinary prudence would do under the circumstances. And if, after considering all the evidence given in this case, you find by a fair preponderance thereof that she did not observe these rules, and did all or some of the things she ought not to have done, and doing them contributed to her injury, she would then be guilty of contributory negligence, as would prevent her recovery, and your finding should be for the defendant." While this instruction bears the evidence of haste in preparation, we think it is as favorable to appellant as the law warrants. We are satisfied that the cause was fairly tried on its merits, and a correct result reached.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 105. See, also, under (1) 38 Cyc. 1927; (2) 38 Cyc. 1869; (3) 38 Cyc. 1929; (4) 38 Cyc. 1901; (5) 6 Cyc. 612, 613; (6, 8) 38 Cyc. 1815; (7) 6 Cyc. 612; (9) 38 Cyc. 1711. As to carrier's duty to afford passenger time and place to alight on leaving train, see 7 Am. St. 832. On the question of the carrier's duty to see that passenger has alighted before starting train at station, see 25 L. R. A. (N. S.) 217. As to the time allowed passenger to alight, see 4 L. R. A. (N. S.) 140. As to the duty of a railroad company to allow passenger time to board or alight from trains, see 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas. 1912 C. 794.