FARMERS' INSURANCE ASSOCIATION OF HAMILTON COUNTY v. MALES.

[No. 11,776. Filed November 19, 1924.]

1. INSURANCE.—*Waiver of forfeiture of policy may be by conduct or words.*—The right of the insurer to declare a forfeiture of a policy for nonpayment of premiums or assessments may be waived by conduct or words. p. 176.

2. INSURANCE.—*Provision for forfeiture of policy for nonpayment of premiums self-executing.*—A provision in a fire insurance policy that it should be void if the premium or assessment was not paid on or before a certain day is self-executing. p. 176.

3. INSURANCE.—*Waiver of conditions in policy must be made by agent with authority.*—A waiver of a condition of an insurance policy can only be made by an agent possessing competent authority. p. 176.

4. INSURANCE.—*Bank receiving premiums for mutual association held special agent unauthorized to revive lapsed policy.*—A bank authorized to receive assessments from policy holders for an insurance association without authority to make, change or enter into contracts for the association, was a special agent, and the payment of delinquent assessments, after a fire, without knowledge on the part of the bank of forfeiture of the policy for nonpayment of premiums in the time specified, would not revive and reinstate the policy. p. 176.

5. . INSURANCE.—*Lapsed policy not reinstated by receipt of premiums by agent without knowledge of previous forfeiture.*— The payment of delinquent assessments on an insurance policy, after a fire, to a bank authorized to receive assessments when due, located in the same building as the insurer, without informing the bank that the assessments were delinquent, or offering to pay any penalty attached by reason of delinquency, did not put the insured in a position to claim that the bank, by accepting the assessment, reinstated and revived the lapsed policy. p. 177. '

6. ESTOPPEL.—*Waiver defined.*—A waiver is the voluntary relinquishment of some known right, benefit or advantage, which, except for such waiver, the party otherwise would have enjoyed; knowledge of the existence of such right, benefit or advantage is essential. p. 178.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by William Males against the Farmers' Insurance Association of Hamilton county. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Roberts & Roberts Roy W. Adney* and *Thomas E. Kane,* for appellant.

*Christian & Waltz, Gentry, Cloe & Campbell* and *John Hornaday,* for appellee.

McMAHAN, J.—Complaint by appellee on a contract of insurance. From a judgment in favor of appellee, appellant appeals and contends that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

The facts as shown by the evidence are in substance as follows: The Farmers' Insurance Association of Hamilton county, hereinafter called the "Association" is a corporation organized under the laws of this State. Its object is to furnish its members fire insurance. It has no capital and no capital stock. It is a purely mutual institution and for several years has been engaged in insuring on the assessment plan, farm property of its members against loss from fire. In February, 1918, appellee applied to appellant for and received from it a policy insuring a certain farm house, barn and personal property then owned by him. By the terms of this policy appellee agreed to pay all assessments on account of losses incurred, within thirty days after notice. The policy also provided that a failure on the part of the insured to pay an assessment within such period rendered the policy null and void and the association

was not liable for any loss or damage which the insured might sustain while delinquent in the payment of an assessment. A delinquent member could have his insurance reinstated by paying the delinquent assessment plus a ten per cent. penalty thereon. The house so owned by appellee and described in the policy of insurance sued on was destroyed by fire, December 14, 1919, appellee then being delinquent about six weeks in the payment of an assessment on account of a loss theretofore incurred by appellant.

Appellee had also been the owner of another set of farm buildings which had also been insured by appellant by another contract of insurance. The property covered by this last named policy had prior to October 1, 1919, been sold by appellee, and although appellant had been notified of such sale, had failed to note such sale on its books or to cancel such policy. On October 1, 1919, appellant notified appellee that an assessment in sum $10.10 had been made on account of the policy sued on, and that an assessment of $7.10 had been made on the other policy. This notice stated that appellee by presenting the notice could pay any bank in Hamilton county and the notice would be receipted, or that the notice with the amount due could be mailed to appellant, when the same would be marked paid and returned. It also contained a statement that a failure to pay within thirty days rendered the policy null and void and called attention to the provision in the policy to that effect. The policy on the property sold should have been canceled and the notice that there was an assessment of $7.10 on account of such policy was inadvertently sent.

Appellee having failed to pay either of said assessments, within the thirty day period a second and like notice, to which the ten per cent. penalty was added to each assessment, was mailed to appellee and received by

him about December 12, 1919. On the morning after the fire appellee paid the amount of the assessment on both policies, not including the penalties, to the First National Bank of Noblesville without presenting either of the notices he had received and without informing the bank that he was delinquent in the payment of such assessments. The bank with knowledge of the fire but not knowing appellee was delinquent in the payment of the premium received the money, $17.20, deposited it to the credit of appellant and sent a statement to appellant showing the total amount that had been paid to the bank by policy holders without indicating by whom such payments were made or the amount paid by any one of them. The amount so reported did not agree with the amount shown by appellant's books, to have been paid and on examination being made by appellant about a week after the fire it discovered for the first time that appellee had paid the assessment on both policies less the penalties, to the bank after the fire. As soon as appellant learned appellee had paid the assessments to the bank it refused to accept the money from the bank, and denied liability on the policy because of appellee's failure to pay according to and within the time named in the policy. The amount so paid by appellee still remains in the possession of the bank and was never repaid or tendered to appellee by anyone.

Appellee sustained a substantial loss, which is to be regretted, but it was not caused by appellant, and under the terms of the policy appellant cannot be held liable for the loss unless the payment of the money to the bank and its retention by the bank after the refusal of appellant to accept it from the bank, estops appellant from denying liability.

It is the established law that the right of an insurance company to declare a forfeiture of a policy for

the non-payment of premiums, or assessments, may be waived, and that the waiver may be manifested by conduct as well as by words. The rule is so well settled that the only question which is open to controversy in the instant case is, whether appellant waived the right to declare the policy null and void by an acceptance of the assessment after the loss had occurred. *Phoenix Ins. Co.* v. *Tomlinson* (1890), 125 Ind. 84, 9 L. R. A. 317, 21 Am. St. 203. The provision that the policy should be void if the assessment was not paid on or before a certain day was self-executing. *Gifford* v. *Benefit Association* (1908), 105 Me. 17, 72 Atl. 680, 17 Ann. Cas. 1173; *Iowa Life Ins. Co.* v. *Lewis* (1902) 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 209.

It is settled tnat a waiver of a condition of a policy can only be made by an agent possessing competent authority. *Willcuts* v. *Northwestern, etc., Ins. Co.* (1882), 81 Ind. 300.

The bank was at most a special agent with authority to receive assessments from policy holders in the ordinary and usual course of business. The payment to the bank by appellee of the delinquent assessment, after the fire, without knowledge on the part of the bank that the policy was not then in force by reason of the failure of appellee to pay within the thirty day period, would not have the effect of reviving or reinstating the policy of insurance, in the absence of subsequent ratification by appellant. Appellee when he paid the money to the bank was bound by the terms of the policy, to know that it was void and not in force at the time of the fire by reason of his failure to pay the assessment at the proper time. His motive in failing to inform the bank that the assessment was then delinquent and that the policy was for that reason no longer in force, is to say the least ques-

tionable, and as it appears to us is sufficient to show constructive fraud on his part.

Appellee offers no excuse for his failure to pay within the thirty day period. It seemingly required a fire in order to impress upon his mind the necessity of paying the assessment required to keep his policy alive. He also fails to explain his haste and eagerness to pay the assessment the morning after the fire, without informing the bank that he was delinquent and that the policy was not in force at the time of the fire, because of his failure to pay within the time fixed by the policy. Appellee instead of going to the office of appellant, which was in the same building as the bank, chose to pay to the bank without disclosing the fact of his delinquency. We are at liberty, however to draw our own conclusion why he was so eager to pay the bank immediately after the fire. He led the bank to believe he was paying the amount of the assessment and that there was no penalty attached thereto by reason of his delinquency. The bank had no knowledge that it was accepting the payment of a delinquent assessment. The bank is not shown to have had the power or authority to accept the payment of the delinquent assessment after the fire and thus revive a policy which appellee knew was void and of no effect at the time of the fire. The $7.10 which appellee paid to the bank, was, as we must presume paid on the policy covering the property which appellee theretofore had sold. The notice received by appellee clearly informed him of that fact. The first notice informed him of the exact amount due on the policy sued on, and that $7.10 was due on account of the other policy. The second notice contained the same information and in addition thereto stated that there was a penalty of ten per cent. of the amount of the assessment on each policy which

according to the terms of the policy would have to be paid in order to reinstate or revive the lapsed policies.

In *Marshall Farmers', etc., Ins. Co.* V. *Liggett* (1897), 16 Ind. App. 598, a director of the company who was acting as a collector for the company, with knowledge of the loss, which occurred during delinquency collected two delinquent assessments, and subsequently paid them to the treasurer of the company. The insurance company in that case retained the money so paid on the theory that the policy holder was under obligation to pay the assessments, but contested the claim upon the ground that the loss took place at a time when the policy holder was delinquent.

In the instant case, the bank was not an officer of the insurance company. It was not a regular or authorized collector appointed for the purpose of collecting assessments. It had simply been designated as a proper institution to which policy holders could, if they desired, pay their assessments. It had no power or authority to make, change or enter into contracts on behalf of appellant. It had no authority to revive or reinstate a lapsed policy by accepting the payment of delinquent assessments after a loss and certainly its acceptance of the money from appellee, without any knowledge that the assessment was delinquent is not sufficient to revive the policy in view of appellant's repudiation of its acts and refusal to accept the money so paid to the bank. If appellant had accepted and retained the assessment so paid by appellee, a very different question would be presented but, under the facts in the instant case, there can be no recovery.

A waiver is the voluntary relinquishment of some known right, benefit or advantage, and which, except for such waiver, the party otherwise would have

6. enjoyed. Knowledge of the existence of the right, benefit or advantage on the part of the

party claimed to have made the waiver is an essential prerequisite to the relinquishment. One cannot waive that which he does not know.

The Supreme Court of the United States, in discussing the doctrine of waiver, in *Globe Mutual, etc., Ins. Co.* v. *Wolff* (1877), 95 U. S. 326, 24 L. Ed. 387, said: "The doctrine of waiver, as asserted against insurance companies to avoid the strict enforcement of conditions contained in their policies, is only another name for the doctrine of estoppel. It can only be invoked where the conduct of the companies has been such as to induce action in reliance upon it, and where it would operate as a fraud upon the assured if they were afterwards allowed to disavow their conduct and enforce the conditions. To a just application of this doctrine it is essential that the company sought to be estopped from denying the waiver claimed should be apprised of all facts: of those which create the forfeiture, and of those which will necessarily influence its judgment in consenting to waive it. The holder of the policy cannot be permitted to conceal from the company an important fact, like that of the insured being *in extremis,* and then to claim a waiver of the forfeiture created by the act which brought the insured to that condition. To permit such concealment, and yet to give to the action of the company the same effect as though no concealment were made, would tend to sanction a fraud on the part of the policy-holder, instead of protecting him against the commission of * * * the company."

The judgment is reversed, with direction to sustain the motion for a new trial and further proceedings consistent with this opinion.