MICHIGAN TRUST CO. *v.* KRAKER.

1. LANDLORD AND TENANT—LENGTH OF TERM—QUESTION FOR JURY.
   Finding of jury on question of fact as to existence of agreement between landlord and tenant that tenancy was on a monthly basis as claimed by former instead of tenancy at will as claimed by latter is final.

2. SAME—NOTICE TO QUIT FOR NONPAYMENT OF RENT.
   Defendant under record presented was not a tenant at will and therefore entitled to a three-months' notice as a matter of law where service of notice to quit for nonpayment of rent under oral lease was a nullity as no rent was then due nor subsequent proceedings had thereon.

3. APPEAL AND ERROR—EVIDENCE—WITNESSES—CROSS-EXAMINATION.
   Reception in evidence of letter written by lessor's president to lessee, on cross-examination of latter who testified as to substance of conversation with former to which letter was in reply, *held,* not prejudicial error although writer was not produced for cross-examination.

Appeal from Ottawa; Miles (Fred T.), J. Submitted November 20, 1933. (Docket No. 149, Calendar No. 37,486.) Decided December 19, 1933.

Summary proceeding in justice's court by Michigan Trust Company against Alice M. Kraker to obtain possession of leased premises. Judgment for plaintiff. Defendant appealed to circuit court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Diekema, Cross & Ten Cate,* for plaintiff.

*Jarrett N. Clark,* for defendant.

NORTH, J. Beginning in August, 1932, appellant rented and occupied hotel premises belonging to

appellee. This was under an oral agreement that appellant should deduct from the gross income each month $360 and the balance should be divided equally between the parties. On or before the 10th of each month the lessee was to render an account for the preceding month and pay to the lessor the 50 per cent. due it. On November 22, 1932, the lessor served lessee with notice to quit. Following this there were negotiations between the parties relative to modification of the oral lease or of purchase of premises by lessee. These negotiations were without result and on January 26, 1933, a second notice was served on the lessee. This was a notice to terminate tenancy and to vacate March 1, 1933. The lessee continued in possession after March 1st. In summary proceedings subsequently prosecuted defendant was found guilty. She appealed to the circuit court and upon trial before jury was again found guilty. From the judgment entered she has appealed to this court.

The principal question presented for review arises from appellant's contention that she was a tenant at will and therefore entitled to a three-months' notice, instead of a 30-days' notice. 3 Comp. Laws 1929, § 13492. Appellant first bases her claim of right to a three-months' notice upon an alleged agreement between the parties. Appellee denied such agreement. This issue was submitted to the jury under instructions as favorable as appellant could ask. The verdict of the jury was adverse to her and was final on the issue of fact.

But appellant also asserts that under the record it should have been held as a matter of law that she was a tenant at will and therefore entitled to three-months' notice. The basis of this claim is thus stated in appellant's brief:

"The 50-50 proposition was terminated November 22d (by service of notice to quit). They began dealing for new terms; the relation then became strictly a landlord and tenant proposition, and so considered in the notice to quit served on January 26th, which stated, 'which you now hold of us as our tenant.' The monthly reports which were made were at an end. They were no longer required. A new relationship now existed. * * * A new tenancy was then created, defendant was there by the express will and consent of the plaintiff."

The facts do not sustain appellant's contention. The notice served November 22d was not a notice to terminate tenancy. Instead it was a notice for nonpayment of rent. No subsequent proceedings based upon this notice were taken. Testimony on behalf of each of these parties disclosed that on November 22d there was no past-due rent unpaid. Appellant not only so testified but also:

"I have not been able to make any agreement either for rental or purchase other than what was entered into with Landman at the beginning. I understand that there was no agreement made November 22d."

Under these circumstances the serving of the notice of November 22d accomplished nothing. It was a nullity and in no way affected the status of the parties. The original oral agreement continued between the parties; and since it provided for monthly payment of rentals the notice given January 26, 1933, to quit March 1, 1933, was sufficient. 3 Comp. Laws 1929, § 13492.

Nor is there merit to appellant's claim of error by the admission in evidence of a letter written to appellant by appellee's president, notwithstanding the writer of the letter was not produced as a witness for cross-examination. Objection was on the

ground that the letter was self-serving and written after suit was started. As pointed out by appellee, this letter was one of a series which passed between the parties, all relating to the subject matter of this suit, some of which had already been put in evidence by appellant. But aside from this appellant, referring to this particular letter, testified: "It is in answer to a conversation that I had with Mr. Thompson (appellee's president) in his office." This witness on direct examination had testified to "the substance" of her own talk with Thompson. Admitting the letter in evidence as part of her cross-examination was not prejudicial error.

Appellant was in no way prejudiced by the manner in which the trial judge of his own motion submitted a special question to the jury. Her contention to the contrary cannot be sustained.

Judgment is affirmed, with costs to appellee.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.